**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **Jaguar Land Rover Limited, a United Kingdom company**<br><br>***Plaintiff,***<br>**v.**<br><br>**Bombardier Recreational Products, a Canadian company**<br><br>***Defendant.*** | **Case No. 2:16-cv-13386**<br><br>***JURY TRIAL REQUESTED*** |

# COMPLAINT FOR TRADEMARK INFRINGEMENT, DECLARATORY JUDGMENT OF NO ABANDONMENT, AND JURY DEMAND



Plaintiff Jaguar Land Rover Limited ("JLR"), by and through its undersigned counsel, for its Complaint against Defendant Bombardier Recreational Products Inc. ("BRP") states as follows:

## NATURE AND BASIS OF ACTION

1. This is an action by JLR against BRP for trademark infringement, unfair competition and violation of the Michigan Consumer Protection Act ("MCPA").

2. JLR seeks damages and injunctive relief for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114 ("The Lanham Act"), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and federal common law, unfair competition under state common law, and violation of the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901, *et seq*. JLR also seeks a declaration that it has not abandoned its DEFENDER trademark, and injunctive relief pursuant to 15 U.S.C. §1119 ordering the Trademark Trial and Appeal Board ("TTAB") at the U.S. Patent and Trademark Office to reject BRP's pending application to register the DEFENDER trademark and dismiss BRP's Petition to Cancel JLR's DEFENDER trademark registration.

## THE PARTIES

3. JLR is a United Kingdom private company with its principal place of business at Abbey Road, Whitley, Coventry CV3 4LF, United Kingdom.





4. Upon information and belief, BRP is a Canadian company with its principal place of business at 726 St-Joseph Street, Valcourt, QC J0E 2L0 Canada.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, over JLR's claims that arise under the Lanham Act, 15 U.S.C. §§ 1071, 1114, and 1125(a).

6. This Court has jurisdiction over the claims arising under the laws of the State of Michigan pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state claims are so related to JLR's Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Personal jurisdiction is proper in this Court because BRP conducts business, directly or indirectly, within the State of Michigan.

8. Personal jurisdiction is also proper in this Court because BRP advertises and sells its DEFENDER-branded products, which are the subject of this litigation, in the State of Michigan and in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. For over 60 years, JLR has provided high-end vehicles, vehicle parts and related non-automotive goods and accessories throughout the world, including in the United States.





11. Since at least as early as 1992, JLR has sold vehicles, vehicle parts and accessories, and/or related non-automotive goods and services (the "JLR Goods and Services") bearing the DEFENDER mark.

12. JLR is the owner of U.S. Trademark Registration No. 1,803,707, for DEFENDER, covering "motor land vehicles; namely, station wagons" in Class 12, which issued on November 9, 1993, and claims a first use at least as early as August 7, 1992. This registration is valid and subsisting, uncancelled, and unrevoked. A printout of the foregoing registration from the U.S. Patent and Trademark Office trademark database is attached as Exhibit A. This registration will be referred to as the "JLR Registration."

13. The JLR Registration was registered more than five years ago and has become incontestable within the meaning of 15 U.S.C. §1065. The JLR Registration thus constitutes conclusive evidence of JLR's trademark ownership, JLR's exclusive right to use the mark throughout the United States and the validity of the registration and the mark. *See* 15 U.S.C. §1115(b).

14. Since at least 1992, long prior to BRP's first use of the DEFENDER mark, JLR and/or its licensees have continuously used the DEFENDER mark in interstate commerce in connection with the JLR Goods and Services.

15. As a result of JLR's and/or its licensees' promotional and marketing efforts, and the quality of the JLR Goods and Services, JLR's DEFENDER mark has become widely and favorably known throughout the United States, and is a valuable asset of JLR and a symbol of its goodwill. Customers have come to associate and identify the JLR DEFENDER mark exclusively with JLR.



16. On February 13, 2015, BRP filed an intent-to-use application in the U.S. Patent and Trademark Office for DEFENDER for "recreational vehicles, namely, side-by-side vehicles and structural parts therefor." This application was assigned Serial Number 86/534,043 and was published for opposition on April 21, 2015. A true and correct copy of this application is attached hereto as Exhibit B.

17. Upon information and belief, recently BRP, directly or through its distributors, began advertising and selling side-by-side vehicles under the trademark DEFENDER throughout the United States, including in this District. Below is an image of BRP's Defender vehicle bearing the DEFENDER mark:











18. On information and belief, BRP's adoption and use of DEFENDER is an intentional and obvious attempt to trade on the goodwill established in JLR's DEFENDER mark.

19. On information and belief, because BRP's DEFENDER mark is confusingly similar to JLR's DEFENDER mark and is used in conjunction with the same or related goods and services, consumers are likely to believe that BRP and its goods and services are affiliated with or sponsored, authorized or endorsed by JLR.

20. On August 19, 2015, JLR filed a Notice of Opposition to BRP's pending application in the TTAB. This Opposition was assigned case number





91223380 and is currently pending. In its Opposition, JLR has alleged that registration of BRP's DEFENDER mark is: (1) likely to cause of confusion with JLR's DEFENDER mark in violation of Section 2(d) of the Lanham Act, 15 USC §1052(d); and (2) likely to falsely suggest that BRP's products sold under the DEFENDER mark are connected to JLR in violation of Section 2(a) of the Lanham Act, 15 USC §1052(a). A true and correct copy of JLR's Notice of Opposition is attached hereto as Exhibit C.

21. On August 24, 2016, BRP filed a Petition to Cancel the JLR Registration at the TTAB. This Cancellation proceeding was assigned case number 92064297 and is currently pending. In its Petition to Cancel, BRP has alleged that JLR has abandoned its DEFENDER mark by ceasing to use it in 1998. JLR denies that it has abandoned its DEFENDER mark. A true and correct copy of BRP's petition to cancel is attached hereto as Exhibit D.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT – §32 (15 U.S.C. §1114) OF THE LANHAM ACT

22. JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

23. Despite JLR's well-known prior rights in JLR's DEFENDER mark, BRP has, without JLR's consent, used in commerce a colorable imitation of JLR's DEFENDER mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a



mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

24. JLR's federal registration on the Principal Register of the U.S. Patent and Trademark Office for the JLR DEFENDER mark are *prima facie* and/or conclusive evidence of the validity of the mark, JLR's ownership of the mark, and JLR's exclusive right to use the mark in commerce in connection with the listed goods and services, pursuant to the Lanham Act, 15 U.S.C. § 1115.

25. BRP's use of colorable imitations of JLR's DEFENDER mark has been and continues to be done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of BRP's goods and services.

26. As a direct and proximate result of BRP's actions, JLR has suffered and will continue to suffer irreparable harm to JLR's valuable DEFENDER mark and to its business, goodwill, reputation and profits. JLR will continue to be irreparably harmed unless BRP is restrained from further infringement of JLR's DEFENDER mark and unless, pursuant to 15 U.S.C. §1119, the Court enters an Order directing the TTAB to reject BRP's application to register the DEFENDER trademark. An award of monetary damages alone cannot fully compensate JLR for its injuries and JLR lacks an adequate remedy at law.

27. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.



28. JLR is entitled to a permanent injunction against BRP, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

**COUNT II - FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP – § 43(a) (15 U.S.C. 1125(a)) OF THE LANHAM ACT**

29. JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

30. JLR's DEFENDER mark, as more fully described above, is a well-established mark that serves to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively for the use of JLR for its Goods and Services.

31. BRP has knowingly used and continues to use colorable imitations of JLR's DEFENDER mark in connection with the goods and services that BRP advertises, promotes and sells. BRP's actions render this case exceptional within the meaning of 15 U.S.C. §1117(a).

32. Upon information and belief, prior to the BRP's use of the DEFENDER mark, BRP had actual and constructive knowledge of JLR's use and ownership of the JLR DEFENDER mark in connection with the JLR Goods and Services.





33. Upon information and belief, BRP has used and continues to use, and has expressed an intent to expand its use of, the DEFENDER mark in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of BRP and BRP's goods and services, and is likely to cause consumers to believe in error that BRP's goods and services have been authorized, sponsored, approved, endorsed, or licensed by JLR or that BRP is affiliated with JLR.

34. BRP's use of the JLR's mark constitutes false designations of origin and/or sponsorship and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. As a direct and proximate result of BRP's actions, JLR has suffered and will continue to suffer irreparable harm to JLR's valuable DEFENDER mark and its business, goodwill, reputation and profits. JLR will continue to be irreparably harmed unless BRP is restrained from further infringement of JLR's DEFENDER mark and unless, pursuant to 15 U.S.C. §1119, the Court enters an Order directing the TTAB to reject BRP's application to register the DEFENDER trademark.

36. An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

37. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.



38. JLR is entitled to a permanent injunction against BRP, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

## COUNT III - STATE UNFAIR COMPETITION – MICHIGAN COMMON LAW

39. JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

40. By its acts alleged herein, BRP has engaged in unfair competition under the common law of the State of Michigan.

41. BRP is liable to JLR for unfair competition under the common law of Michigan.

42. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

43. As a direct and proximate cause of BRP's conduct, JLR has suffered, is suffering and will continue to suffer irreparable damages in an amount to be proved at trial.

44. An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.





## COUNT IV - VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

45. JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

46. BRP's sale of its products constitutes "trade or commerce" within the meaning of § 445.902(1)(g) of the MCPA, MCL § 445.901, et seq.

47. BRP's actions as set forth above have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA. MCL § 445.903(1)(a).

48. JLR has suffered irreparable harm as a direct and proximate result of BRP's actions.

49. An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

50. JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

51. JLR first used the JLR DEFENDER mark to sell the JLR Goods and Services at least as early as 1992. The JLR DEFENDER mark has become widely known throughout the United States and consumers have come to identify JLR as the exclusive source of the goods and services to which the JLR DEFENDER mark is applied. Therefore, the JLR DEFENDER mark is or has become distinctive.





52. BRP, with knowledge of and with intentional disregard of JLR's rights, continue to advertise, promote, and sell goods and services using the DEFENDER mark or colorable imitations thereof. Such acts by BRP have caused and continue to cause confusion as to the source and/or sponsorship of BRP's goods and services.

53. BRP's acts constitute willful infringement of JLR's exclusive rights JLR's DEFENDER mark in violation of common law.

54. As a direct and proximate result of BRP's conduct, JLR has suffered irreparable harm to JLR's valuable DEFENDER mark. JLR will continue to be irreparably harmed unless BRP is restrained from further infringement of JLR's DEFENDER mark and unless, pursuant to 15 U.S.C. §1119, the Court enters an Order directing the TTAB to reject BRP's application to register the DEFENDER trademark.

55. An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF NO ABANDONMENT

56. JLR incorporates and realleges, as if fully set forth in this paragraphs, the allegations of the foregoing paragraphs.

57. BRP has claimed that JLR abandoned the DEFENDER mark set forth in the JLR Registration, and alleged that JLR ceased using JLR's DEFENDER mark in 1998 for the goods identified in the JLR Registration. BRP has petitioned the U.S. Patent and Trademark Office to cancel JLR's Registration on this basis.





58. JLR denies that it has abandoned the DEFENDER mark set forth in the JLR Registration. Rather, JLR and/or its licensees have continuously used JLR's DEFENDER mark for DEFENDER-branded vehicle parts and accessories and related non-automotive goods and services bearing the DEFENDER mark. JLR has also repeatedly and publicly stated its intention to resume manufacturing DEFENDER vehicles for sale in the United States, and JLR has considerable existing and/or residual goodwill in the DEFENDER mark as evidenced by the sustained media, industry and consumer interest in the JLR Goods and Services. JLR thus denies that it has abandoned the DEFENDER mark set forth in the JLR Registration.

59. As a result of BRP's filing of its Petition to Cancel, an actual controversy has arisen and now exists between BRP and JLR as to whether JLR has abandoned the DEFENDER mark set forth in the JLR Registration.

60. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., JLR requests a declaration from the Court that JLR has not abandoned the DEFENDER mark set forth in the JLR Registration.

61. Pursuant to 15 U.S.C. §1119, JLR also requests that the Court enter an order directing the TTAB to dismiss BRP's Petition to Cancel JLR's DEFENDER registration.





## PRAYER FOR RELIEF

**WHEREFORE,** JLR respectfully requests that this Court enter judgment in its favor against BRP as follows:

A. A determination that the BRP has violated 15 U.S.C. § 1125(a), that JLR has been damaged by such violations, and that the BRP is liable to JLR for such violations;

B. A determination that the BRP has violated 15 U.S.C. § 1114(1)(a), that JRL has been damaged by such violations, and that BRP is liable to JLR for such violations;

C. A determination that the BRP has committed common law trademark infringement, that JLR has been damaged by such infringement, and that BRP is liable to JLR for common law trademark infringement;

D. A determination that the BRP has committed common law unfair competition, that JLR has been damaged by such unfair competition, and that BRP is liable to JLR for common law common law unfair competition;

E. A determination that BRP has violated the Michigan Consumer Protection Act, and award of all damages, including costs and reasonable attorneys' fees, as authorized by that Act;

F. A declaration that the DEFENDER mark set forth in the JLR Registration mark has not been abandoned;

G. A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

H. For an award of JLR's damages arising out of BRP's acts;





I. For an Order, pursuant to 15 U.S.C. §1119, directing the TTAB to reject BRP's application to register the DEFENDER trademark.

J. For an Order, pursuant to 15 U.S.C. §1119, directing the TTAB to dismiss BRP's Petition to Cancel JLR's DEFENDER registration.

K. Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining BRP, its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making any unauthorized use of JLR's DEFENDER mark;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of JLR's DEFENDER mark;

(3) using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by BRP is in any manner associated or connected with JLR or is sold, manufactured, licensed, sponsored, approved or authorized by JLR;

L. For an Order directing that BRP deliver for destruction all products, labels, badging, tags, signs, prints, packages, videos, adwords and advertisements in their possession or under their control, bearing or using JLR's DEFENDER





mark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

M. For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by BRP is authorized by JLR or related in any way to the JLR Goods and Services, including but not limited to use of search engine optimization technology and other technology that would circumvent the Orders prayed for hereunder;

N. For an Order directing the BRP and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon JLR's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting in detail the manner and form in which they have complied with such judgment;

O. For an Order permitting JLR, and/or auditors of JLR, to audit and inspect the books, records, and premises of BRP and related corporations for a period of six (6) months after entry of final relief in this matter, to determine the scope of the BRP's past use of JLR's intellectual property, including all manufacturing, distribution, and sales of products bearing JLR's DEFENDER mark, as well as the BRP's compliance with the orders of this Court;

P. For an award of JLR's costs and disbursements incurred in this action, including JLR's reasonable attorneys' fees;





Q. For an award of JLR's damages trebled or, alternatively, an award of BRP's wrongful profits trebled, whichever is greater, plus JLR's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

R. For an Order requiring BRP to file with the Court and provide to JLR an accounting of all sales and profits realized by BRP through the use of JLR's DEFENDER mark and any counterfeits, reproductions, copies, or colorable imitations thereof;

S. For an award of interest, including pre-judgment interest on the foregoing sums;

T. For such other and further relief as the Court may deem just and appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), JLR demands a jury trial of all issues triable by jury.

Respectfully submitted,
**BROOKS KUSHMAN P.C.**

Dated: September 19, 2016

/s/ Frank A. Angileri

Frank A. Angileri (P45611)
Chanille Carswell (P53754)
Rebecca J. Cantor (P76826)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: fangileri@brookskushman.com
ccarwell@brookskushman.com
rcantor@brookskushman.com
*Attorneys for Plaintiff Jaguar Land Rover Limited*



