# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAGUAR LAND ROVER LIMITED, a
United Kingdom company,

        Plaintiff,

v.

BOMBARDIER RECREATIONAL
PRODUCTS INC., a Canadian company,

        Defendant.

Case No. 2:16-cv-13386-GAD-SDD
Honorable Gershwin A. Drain
Magistrate Judge Stephanie Dawkins Davis

BROOKS KUSHMAN P.C.
By:    Frank A. Angileri (P45611)
        Chanille Carswell (P53754)
        Rebecca J. Cantor (P76826)
Attorneys for Plaintiff
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Phone: (248) 358-4400 | Fax: (248) 358-3351
Email: FAngileri@BrooksKushman.com
       CCarswell@BrooksKushman.com
       RCantor@BrooksKushman.com

HOWARD & HOWARD ATTORNEYS PLLC
By:    Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 723-1568
Email: DAmburn@HowardandHoward.com

***Attorneys for Defendant***

## DEFENDANT'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECLARATORY JUDGMENT OF NO ABANDONMENT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant Bombardier Recreational Products Inc. ("BRP") submits the following answer, affirmative defenses and counterclaims to Plaintiff Jaguar Land Rover Limited's ("JLR") Complaint for Trademark Infringement, Declaratory Judgment of No Abandonment, and Jury Trial ("Complaint") as follows:

<u>**NATURE AND BASIS OF ACTION**</u>

1.     This is an action by JLR against BRP for trademark infringement, unfair competition and violation of the Michigan Consumer Protection Act ("MCPA").

<u>**ANSWER**</u>:

Paragraph 1 of the Complaint is a narrative for which no answer is required.

To the extent that an answer is required, BRP denies the allegations of Paragraph 1

of the Complaint.

2.     JLR seeks damages and injunctive relief for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114 ("The Lanham Act"), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and federal common law, unfair competition under state common law, and violation of the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901, *et seq*.  JLR also seeks a declaration that it has not abandoned its DEFENDER trademark, and injunctive relief pursuant to 15 U.S.C. § 1119 ordering the Trademark Trial and Appeal Board ("TTAB") at the U.S. Patent and Trademark Office to reject BRP's pending application to register the DEFENDER trademark and dismiss BRP's Petition to Cancel JLR's DEFENDER trademark registration.

<u>**ANSWER**</u>:

Paragraph 2 of the Complaint is a narrative for which no answer is required.

To the extent that an answer is required, BRP denies the allegations of Paragraph 2

of the Complaint.

<u>**THE PARTIES**</u>

3.     JLR is a United Kingdom private company with its principal place of business at Abbey Road, Whitley, Coventry CV3 4LF, United Kingdom.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4.    Upon information and belief, BRP is a Canadian company with its principal place of business at 726 St-Joseph Street, Valcourt, QC J0E 2L0 Canada.

**ANSWER:**

BRP admits that it is a corporation organized under the laws of Quebec, Canada and that it has a place of business at 726 St-Joseph Street, Valcourt, QC J0E 2L0 Canada.  Except as so admitted, BRP denies the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, over JLR's claims that arise under the Lanham Act, 15 U.S.C. §§ 1071, 1114, and 1125(a).

**ANSWER:**

Paragraph 5 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 5 of the Complaint.

6.    This Court has jurisdiction over the claims arising under the laws of the State of Michigan pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state claims are so related to JLR's Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

Paragraph 6 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 6 of the Complaint.

7.     Personal jurisdiction is proper in this Court because BRP conducts business, directly or indirectly, within the State of Michigan.

**ANSWER:**

BRP admits that personal jurisdiction exists over it in this District.  Except as so admitted, BRP denies the allegations of Paragraph 7 of the Complaint.

8.     Personal jurisdiction is also proper in this Court because BRP advertises and sells its DEFENDER-branded products, which are the subject of this litigation, in the State of Michigan and in this District.

**ANSWER:**

BRP admits that personal jurisdiction exists over it in this District.  Except as so admitted, BRP denies the allegations of Paragraph 8 of the Complaint.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**ANSWER:**

BRP admits that venue in this judicial district complies with 28 U.S.C. § 1391. BRP denies that this judicial district is a convenient venue and reserves the right to move to transfer the action to a convenient venue.

## FACTUAL ALLEGATIONS

10.     For over 60 years, JLR has provided high-end vehicles, vehicle parts and related non-automotive goods and accessories throughout the world, including in the United States.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11.     Since at least as early as 1992, JLR has sold vehicles, vehicle parts and accessories, and/or related non-automotive goods and services (the "JLR Goods and Services") bearing the DEFENDER mark.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     JLR is the owner of U.S. Trademark Registration No. 1,803,707, for DEFENDER, covering "motor land vehicles; namely, station wagons" in Class 12, which issued on November 9, 1993, and claims a first use at least as early as August 7, 1992.   This registration is valid and subsisting, uncancelled, and unrevoked.   A printout of the foregoing registration from the U.S. Patent and Trademark Office trademark database is attached as **Exhibit A**.  This registration will be referred to as the "JLR Registration."

**ANSWER:**

BRP admits that the United States Patent and Trademark Office's records identify JLR as the owner of U.S. Trademark Registration No. 1,803,707 for DEFENDER for "motor land vehicles; namely, station wagons" in International

Class 12.  BRP further admits that the mark in U.S. Trademark Registration No. 1,803,707 registered on November 9, 1993.  BRP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13.     The JLR Registration was registered more than five years ago and has become incontestable within the meaning of 15 U.S.C. § 1065.  The JLR Registration thus constitutes conclusive evidence of JLR's trademark ownership, JLR's exclusive right to use the mark throughout the United States and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

**ANSWER:**

Paragraph 13 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations in Paragraph 13 of the Complaint.

14.     Since at least 1992, long prior to BRP's first use of the DEFENDER mark, JLR and/or its licensees have continuously used the DEFENDER mark in interstate commerce in connection with the JLR Goods and Services.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15.     As a result of JLR's and/or its licensees' promotional and marketing efforts, and the quality of the JLR Goods and Services, JLR's DEFENDER mark has become widely and favorably known throughout the United States, and is a valuable asset of JLR and a symbol of its goodwill.  Customers have come to associate and identify the JLR DEFENDER mark exclusively with JLR.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16.   On February 13, 2015, BRP filed an intent-to-use application in the U.S. Patent and Trademark Office for DEFENDER for "recreational vehicles, namely, side-by-side vehicles and structural parts therefor." This application was assigned Serial Number 86/534,043 and was published for opposition on April 21, 2015.  A true and correct copy of this application is attached hereto as **Exhibit B**.

**ANSWER:**

BRP admits that on February 13, 2015, BRP filed an intent-to-use application in the U.S. Patent and Trademark Office ("USPTO") for DEFENDER for "recreational vehicles namely, side-by-side vehicles and structural parts therefor." BRP further admits that the USPTO assigned Serial No. 86/534,043 to this application and that the USPTO published the application in the *Official Gazette* on April 21, 2015.  BRP denies the remaining allegations in Paragraph 16 of the Complaint and denies that Exhibit B to the Complaint is a true and correct copy of BRP's trademark application Serial No. 86/534,043.

17.   Upon information and belief, recently BRP, directly or through its distributors, began advertising and selling side-by-side vehicles under the trademark DEFENDER throughout the United States, including in this District.  Below is an image of BRP's Defender vehicle bearing the DEFENDER mark:





**ANSWER:**

BRP admits that it advertises and sells side-by-side vehicles in the United States under the mark CAN-AM DEFENDER.   BRP denies the remaining allegations of Paragraph 17 of the Complaint.

18.   On information and belief, BRP's adoption and use of DEFENDER is an intentional and obvious attempt to trade on the goodwill established in JLR's DEFENDER mark.

**ANSWER:**

BRP denies the allegations in Paragraph 18 of the Complaint.

19.   On information and belief, because BRP's DEFENDER mark is confusingly similar to JLR's DEFENDER mark and is used in conjunction with the same or related goods and services, consumers are likely to believe that BRP and its goods and services are affiliated with or sponsored, authorized or endorsed by JLR.

**ANSWER:**

BRP denies the allegations in Paragraph 19 of the Complaint.

20.   On August 19, 2015, JLR filed a Notice of Opposition to BRP's pending application in the TTAB.  This Opposition was assigned case number 91223380 and is currently pending.  In its Opposition, JLR has alleged that registration of BRP's DEFENDER mark is: (1) likely to cause of confusion with JLR's DEFENDER mark in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d); and (2) likely to falsely suggest that BRP's products sold under the DEFENDER mark are connected to JLR in violation of Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).  A true and correct copy of JLR's Notice of Opposition is attached hereto as **Exhibit C**.

**ANSWER:**

BRP admits the allegations in Paragraph 20 of the Complaint.

21.   On August 24, 2016, BRP filed a Petition to Cancel the JLR Registration at the TTAB.  This Cancellation proceeding was assigned case number

92064297 and is currently pending.  In its Petition to Cancel, BRP has alleged that JLR has abandoned its DEFENDER mark by ceasing to use it in 1998.  JLR denies that it has abandoned its DEFENDER mark.  A true and correct copy of BRP's petition to cancel is attached hereto as **Exhibit D**.

**ANSWER:**

BRP admits that on August 24, 2016 it filed a Petition to Cancel U.S. Trademark Registration No. 1,803,707 with the USPTO's Trademark Trial and Appeal Board ("TTAB") pursuant to 15 U.S.C. § 1064(3) based on JLR's abandonment of the DEFENDER mark set forth in Trademark Registration No. 1,803,707.  BRP further admits that the TTAB assigned case number 92064297 to the cancellation proceeding and that the cancellation proceeding is currently pending.  BRP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore denies the same.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT – § 32<br>(15 U.S.C. § 1114) OF THE LANHAM ACT

22.    JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

**ANSWER:**

BRP incorporates its answers to Paragraphs 1-21 and adopts by reference each of its prior answers as if they were repeated verbatim again here.

23.    Despite JLR's well-known prior rights in JLR's DEFENDER mark, BRP has, without JLR's consent, used in commerce a colorable imitation of JLR's DEFENDER mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or

to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

**ANSWER:**

Paragraph 23 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, BRP denies the allegations of Paragraph 23 of the Complaint.

24.    JLR's federal registration on the Principal Register of the U.S. Patent and Trademark Office for the JLR DEFENDER mark are prima facie and/or conclusive evidence of the validity of the mark, JLR's ownership of the mark, and JLR's exclusive right to use the mark in commerce in connection with the listed goods and services, pursuant to the Lanham Act, 15 U.S.C. § 1115.

**ANSWER:**

BRP denies the allegations in Paragraph 24 of the Complaint.

25.    BRP's use of colorable imitations of JLR's DEFENDER mark has been and continues to be done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of BRP's goods and services.

**ANSWER:**

BRP denies the allegations in Paragraph 25 of the Complaint.

26.    As a direct and proximate result of BRP's actions, JLR has suffered and will continue to suffer irreparable harm to JLR's valuable DEFENDER mark and to its business, goodwill, reputation and profits. JLR will continue to be irreparably harmed unless BRP is restrained from further infringement of JLR's DEFENDER mark and unless, pursuant to 15 U.S.C. § 1119, the Court enters an Order directing the TTAB to reject BRP's application to register the DEFENDER trademark. An award of monetary damages alone cannot fully compensate JLR for its injuries and JLR lacks an adequate remedy at law.

**ANSWER:**

BRP denies the allegations in Paragraph 26 of the Complaint.

27.   The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**ANSWER:**

Paragraph 27 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 27 of the Complaint.

28.   JLR is entitled to a permanent injunction against BRP, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

**ANSWER:**

Paragraph 28 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 28 of the Complaint.

**COUNT II - FEDERAL UNFAIR COMPETITION AND FALSE
DESIGNATION OF ORIGIN OR SPONSORSHIP – § 43(A)
(15 U.S.C. § 1125(A)) OF THE LANHAM ACT**

29.   JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

**ANSWER:**

BRP incorporates its answers to Paragraphs 1-28 and adopts by reference each of its prior answers as if they were repeated verbatim again here.

30.   JLR's DEFENDER mark, as more fully described above, is a well-established mark that serves to identify the goods and services sponsored, approved

by, authorized by, associated with, or affiliated exclusively for the use of JLR for its Goods and Services.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31.    BRP has knowingly used and continues to use colorable imitations of JLR's DEFENDER mark in connection with the goods and services that BRP advertises, promotes and sells.  BRP's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

**ANSWER:**

BRP denies the allegations in Paragraph 31 of the Complaint.

32.    Upon information and belief, prior to the BRP's use of the DEFENDER mark, BRP had actual and constructive knowledge of JLR's use and ownership of the JLR DEFENDER mark in connection with the JLR Goods and Services.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

33.    Upon information and belief, BRP has used and continues to use, and has expressed an intent to expand its use of, the DEFENDER mark in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of BRP and BRP's goods and services, and is likely to cause consumers to believe in error that BRP's goods and services have been authorized, sponsored, approved, endorsed, or licensed by JLR or that BRP is affiliated with JLR.

**ANSWER:**

BRP denies the allegations in Paragraph 33 of the Complaint.

34.    BRP's use of the JLR's mark constitutes false designations of origin and/or sponsorship and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

Paragraph 34 of the Complaint states a legal conclusion for which no answer

is required.  To the extent that an answer is required, BRP denies the allegations of

Paragraph 34 of the Complaint.

35.    As a direct and proximate result of BRP's actions, JLR has suffered and will continue to suffer irreparable harm to JLR's valuable DEFENDER mark and its business, goodwill, reputation and profits.  JLR will continue to be irreparably harmed unless BRP is restrained from further infringement of JLR's DEFENDER mark and unless, pursuant to 15 U.S.C. § 1119, the Court enters an Order directing the TTAB to reject BRP's application to register the DEFENDER trademark.

**ANSWER:**

BRP denies the allegations in Paragraph 35 of the Complaint.

36.    An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

**ANSWER:**

BRP denies the allegations in Paragraph 36 of the Complaint.

37.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**ANSWER:**

Paragraph 37 of the Complaint states a legal conclusion for which no answer

is required.  To the extent that an answer is required, BRP denies the allegations of

Paragraph 37 of the Complaint.

38.    JLR is entitled to a permanent injunction against BRP, as well as all
other remedies available under the Lanham Act, including, but not limited to,
compensatory damages, treble damages, disgorgement of profits and costs and
attorney's fees.

**ANSWER:**

Paragraph 38 of the Complaint states a legal conclusion for which no answer

is required.  To the extent that an answer is required, BRP denies the allegations of

Paragraph 38 of the Complaint.

**COUNT III - STATE UNFAIR
COMPETITION – MICHIGAN COMMON LAW**

39.    JLR incorporates and realleges, as if fully set forth in this paragraph,
the allegations of the foregoing paragraphs.

**ANSWER:**

BRP incorporates its answers to Paragraphs 1-38 and adopts by reference each

of its prior answers as if they were repeated verbatim again here.

40.    By its acts alleged herein, BRP has engaged in unfair competition under
the common law of the State of Michigan.

**ANSWER:**

Paragraph 40 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 40 of the Complaint.

41.    BRP is liable to JLR for unfair competition under the common law of Michigan.

**ANSWER:**

Paragraph 41 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 41 of the Complaint.

42.    Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

**ANSWER:**

BRP denies the allegations in Paragraph 42 of the Complaint.

43.    As a direct and proximate cause of BRP's conduct, JLR has suffered, is suffering and will continue to suffer irreparable damages in an amount to be proved at trial.

**ANSWER:**

BRP denies the allegations in Paragraph 43 of the Complaint.

44.    An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

**ANSWER:**

BRP denies the allegations in Paragraph 44 of the Complaint.

## <u>COUNT IV - VIOLATION OF MICHIGAN</u>
## <u>CONSUMER PROTECTION ACT ("MCPA")</u>

45.     JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

**<u>ANSWER:</u>**

BRP incorporates its answers to Paragraphs 1-44 and adopts by reference each of its prior answers as if they were repeated verbatim again here.

46.     BRP's sale of its products constitutes "trade or commerce" within the meaning of § 445.902(1)(g) of the MCPA, MCL § 445.901, *et seq*.

**<u>ANSWER:</u>**

Paragraph 46 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 46 of the Complaint.

47.     BRP's actions as set forth above have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA.  MCL § 445.903(1)(a).

**<u>ANSWER:</u>**

Paragraph 47 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 47 of the Complaint.

48.     JLR has suffered irreparable harm as a direct and proximate result of BRP's actions.

**<u>ANSWER:</u>**

BRP denies the allegations in Paragraph 48 of the Complaint.

49.     An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

**ANSWER:**

BRP denies the allegations in Paragraph 49 of the Complaint.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

50.     JLR incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

**ANSWER:**

BRP incorporates its answers to Paragraphs 1-49 and adopts by reference each

of its prior answers as if they were repeated verbatim again here.

51.     JLR first used the JLR DEFENDER mark to sell the JLR Goods and Services at least as early as 1992.  The JLR DEFENDER mark has become widely known throughout the United States and consumers have come to identify JLR as the exclusive source of the goods and services to which the JLR DEFENDER mark is applied.  Therefore, the JLR DEFENDER mark is or has become distinctive.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 51 of the Complaint, and therefore denies the

same.

52.     BRP, with knowledge of and with intentional disregard of JLR's rights, continue to advertise, promote, and sell goods and services using the DEFENDER mark or colorable imitations thereof.  Such acts by BRP have caused and continue to cause confusion as to the source and/or sponsorship of BRP's goods and services.

**ANSWER:**

BRP denies the allegations in Paragraph 52 of the Complaint.

53.    BRP's acts constitute willful infringement of JLR's exclusive rights JLR's DEFENDER mark in violation of common law.

**ANSWER:**

BRP denies the allegations in Paragraph 53 of the Complaint.

54.    As a direct and proximate result of BRP's conduct, JLR has suffered irreparable harm to JLR's valuable DEFENDER mark.  JLR will continue to be irreparably harmed unless BRP is restrained from further infringement of JLR's DEFENDER mark and unless, pursuant to 15 U.S.C. § 1119, the Court enters an Order directing the TTAB to reject BRP's application to register the DEFENDER trademark.

**ANSWER:**

BRP denies the allegations in Paragraph 54 of the Complaint.

55.    An award of monetary damages alone cannot fully compensate JLR for its injuries, and JLR lacks an adequate remedy at law.

**ANSWER:**

BRP denies the allegations in Paragraph 55 of the Complaint.

## COUNT VI – DECLARATORY JUDGMENT OF NO ABANDONMENT

56.    JLR incorporates and realleges, as if fully set forth in this paragraphs, the allegations of the foregoing paragraphs.

**ANSWER:**

BRP incorporates its answers to Paragraphs 1-55 and adopts by reference each

of its prior answers as if they were repeated verbatim again here.

57.    BRP has claimed that JLR abandoned the DEFENDER mark set forth in the JLR Registration, and alleged that JLR ceased using JLR's DEFENDER mark in 1998 for the goods identified in the JLR Registration.  BRP has petitioned the U.S. Patent and Trademark Office to cancel JLR's Registration on this basis.

**ANSWER:**

BRP admits that it has filed a petition to cancel with the TTAB seeking to cancel U.S. Trademark Registration No. 1,803,707 pursuant to 15 U.S.C. § 1064(3) based on JLR's abandonment of the DEFENDER mark set forth therein.  Except as so admitted, BRP denies the allegations of Paragraph 57 of the Complaint.

58.    JLR denies that it has abandoned the DEFENDER mark set forth in the JLR Registration.  Rather, JLR and/or its licensees have continuously used JLR's DEFENDER mark for DEFENDER-branded vehicle parts and accessories and related non-automotive goods and services bearing the DEFENDER mark.  JLR has also repeatedly and publicly stated its intention to resume manufacturing DEFENDER vehicles for sale in the United States, and JLR has considerable existing and/or residual goodwill in the DEFENDER mark as evidenced by the sustained media, industry and consumer interest in the JLR Goods and Services. JLR thus denies that it has abandoned the DEFENDER mark set forth in the JLR Registration.

**ANSWER:**

BRP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies the same.

59.    As a result of BRP's filing of its Petition to Cancel, an actual controversy has arisen and now exists between BRP and JLR as to whether JLR has abandoned the DEFENDER mark set forth in the JLR Registration.

**ANSWER:**

BRP admits that an actual controversy has arisen and now exists between BRP and JLR as to whether JLR has abandoned the DEFENDER mark set forth in U.S.

Trademark Registration No. 1,803,707.  Except as so admitted, BRP denies the allegations of Paragraph 59 of the Complaint.

60.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, JLR requests a declaration from the Court that JLR has not abandoned the DEFENDER mark set forth in the JLR Registration.

**ANSWER:**

Paragraph 60 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 60 of the Complaint.

61.     Pursuant to 15 U.S.C. § 1119, JLR also requests that the Court enter an order directing the TTAB to dismiss BRP's Petition to Cancel JLR's DEFENDER registration.

**ANSWER:**

Paragraph 61 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, BRP denies the allegations of Paragraph 61 of the Complaint.

## PRAYER FOR RELIEF

This section of the Complaint constitutes Prayers for Relief which do not require a response.  To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, BRP denies each and every allegation.  Specifically, BRP denies that JLR is entitled to any of the requested relief, and requests that this Court enter a judgment of no cause of action together

with a finding that this an exceptional case thus allowing an award to Defendant of

its costs and attorney fees.

## AFFIRMATIVE DEFENSES

BRP, for its affirmative defenses states as follows:

1.      The Complaint fails to state any claims upon which relief can be granted.

2.      The complaint should be dismissed and/or the action should be transferred on the basis of improper venue.

3.      BRP does not infringe, and has not infringed, directly, indirectly, or jointly, any valid and enforceable trademark right owned by JLR.

4.      BRP denies that JLR has sustained any damage, deny the nature and extent of damage (if any) and deny they caused plaintiff to sustain any damage.

5.      JLR has suffered no harm as a consequence of the allegations set forth in the complaint.

6.      BRP alleges that there is no likelihood of confusion, mistake or deception due to, *inter alia*, the differences between the parties' goods, the differences in the channels of trade for the parties' goods, the sophistication of the purchasers of the parties' goods, the high price of the parties' goods, the differences in the appearance of the parties' marks and the parties' prominent use of house marks in conjunction with their respective DEFENDER marks. (*Land Rover Defender vs. Can-Am Defender*).  As a result, BRP's use of its mark has a completely different

sound, connotation, meaning, and commercial impression with respect to JLR's alleged use of their mark.

7.    JLR has abandoned all rights to the DEFENDER mark particularly with respect to motor vehicles.

8.    JLR's claims are barred by the doctrine of unclean hands.

9.    JLR's claims are barred by the doctrine of laches.

10.    JLR's claims are barred by the doctrine of acquiescence.

11.    JLR's claims are barred by the doctrine of estoppel.

12.    JLR's claims are barred by the doctrine of trademark misuse.

13.    JLR's unfair competition and business practices claims are preempted by federal law to the extent they are coextensive with Counts I and II.

14.    JLR's claims are barred by waiver.

15.    BRP reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Bombardier Recreational Products Inc. ("BRP") bring these Counterclaims against Counterclaim-Defendant Jaguar Land Rover Limited's ("JLR").

## NATURE AND BASIS OF ACTION

1.   This is an action by BRP against JLR seeking the cancellation of U.S. Trademark Registration No. 1,803,707 for the mark DEFENDER for "motor land vehicles; namely, station wagons" pursuant to 15 U.S.C. §§ 1058 and 1064(3) along with seeking damages for fraud and tortious interference with business expectancies.

2.   BRP seeks cancellation of U.S. Trademark Registration No. 1,803,707 on the bases that JLR and its predecessors-in-interest (a) have abandoned the registered mark with respect to the goods set forth in the registration, (b) were not using the registered mark in commerce with respect to the goods set forth in the registration when they filed declarations of use with the USPTO subsequent to the issuance of the registration, and (c) committed fraud on the USPTO by knowingly making false statements of material fact, with intent to deceive, that were relied upon by the USPTO to maintain U.S. Trademark Registration No. 1,803,707.

## THE PARTIES

3.   BRP is a corporation organized under the laws of Quebec, Canada and that it has a place of business at 726 St-Joseph Street, Valcourt, QC J0E 2L0 Canada.

4.      Upon information and belief, JLR is a United Kingdom private company with its principal place of business at Abbey Road, Whitley, Coventry CV3 4LF, United Kingdom.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over BRP's claims against BRP under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, pursuant to 28 U.S.C. § 1331.

6.      JLR has consented to the personal jurisdiction of this Court by initiating this action.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### *Use and Abandonment of the DEFENDER Mark*

8.      Upon information and belief, JLR's predecessor-in-interest, Rover Group Limited, first began using the DEFENDER mark in connection with motor land vehicles, including station wagons, manufactured in the United Kingdom in or about 1990.

9.      Upon information and belief, new motor land vehicles, including station wagons, bearing the DEFENDER mark were first imported into the United States beginning in or about late 1992 for sale in the United States.

10.      Upon information and belief, new motor land vehicles, including station wagons, bearing the DEFENDER mark were only imported into the United States between approximately late 1992 and early 1998.

11.    Upon information and belief, new motor land vehicles, including station wagons, bearing the DEFENDER mark were only ever sold or transported in the United States between approximately late 1992 and early 1998.

12.    Upon information and belief, all importation, sales and transportation of new motor land vehicles, including station wagons, bearing the DEFENDER mark ceased on or before September 1, 1998.

13.    Upon information and belief, JLR's predecessor-in-interest, Rover Group Limited, ceased importing and selling motor land vehicles, including station wagons, bearing the DEFENDER mark because, *inter alia*, such vehicles were not in compliance with the airbag requirements for cars and light trucks set forth in the Intermodal Surface Transportation Efficiency Act of 1991 (Public Law 102-240) which went into effect on September 1, 1998.

14.    Upon information and belief, neither JLR nor any of its predecessors in interest have imported, sold or transported new motor land vehicles, including station wagons, bearing the DEFENDER mark in the United States since September 1, 1998.

15.    Upon information and belief, JLR's predecessor-in-interest, Rover Group Limited, publicly stated that it was not economical to modify their motor land vehicles, including station wagons, bearing the DEFENDER mark so that they could

resume the legal importation and sale of such vehicles in the United States after September 1, 1998.

16.     Upon information and belief, JLR and its predecessors-in-interest continued to manufacture motor land vehicles, including station wagons, bearing the DEFENDER mark in the United Kingdom until January 2016, when it ceased all manufacturing of such vehicles.  Despite this, JLR and its predecessors-in-interest have chosen not to import or sell such vehicles into the United States.

17.     Upon information and belief, JLR and its predecessors-in-interest have on several occasions since 1997 publicly stated that motor land vehicles, including station wagons, bearing the DEFENDER mark would not be re-introduced for sale in the United States.

18.     Upon information and belief, JLR and its predecessors-in-interest have not imported, sold or transported new motor land vehicles, including station wagons, bearing the DEFENDER mark in the United States since at least as early as September 1, 1998.

19.     Upon information and belief, all "motor land vehicles; namely, station wagons," bearing the DEFENDER mark that have been sold or transported in the United States since at least as early as September 1, 1998 were vehicles that had previously been sold to and thus were owned by consumers.

### *U.S. Trademark Registration 1803707 for the Mark DEFENDER*

20.    On November 9, 1993, the USPTO issued U.S. Trademark Registration No. 1,803,707 for the mark DEFENDER for "motor land vehicles; namely, station wagons" in International Class 12 to JLR's predecessor-in-interest, Rover Group Limited.

21.    On November 5, 1999, JLR's predecessor-in-interest, Rover Group Limited, filed a verified allegation of use, pursuant to Section 8 of the Lanham Act, 15 U.S.C. § 1058, in order to maintain U.S. Trademark Registration No. 1,803,707.

22.    The November 5, 1999 verified allegation of use claimed "that the mark shown [in the registration] is in use in commerce on or in connection with all goods/services [station wagons] in the existing registration." Submitted with the verified allegation of use was a specimen of use in the nature of an advertisement containing a photograph of what was purported to be a Land Rover Defender vehicle and which purportedly showed current use of the registered mark in connection with station wagons.

23.    On December 2, 1999 less than one month after the November 5, 1999 allegation of use was filed with the USPTO, JLR's predecessor-in-interest, Rover Group Limited, filed U.S. Trademark Application Serial No. 75/861,981 with the USPTO seeking to register the mark DEFENDER for "four wheel drive all-terrain vehicles; sports utility vehicles, station wagons and structural parts therefor;

automotive manuals; carpets and mats adapted for use in motor vehicles; and scale models and toy models, all of motor land vehicles, all sold complete or in kit form."

24.    U.S. Trademark Application Serial No. 75/861,981 was filed based on an intention to use the mark under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b).

25.    On March 27, 2000, the USPTO rejected the November 5, 1999 allegation of use on the basis that the specimen of use submitted therewith did not show DEFENDER being used as a trademark on or in connection with the goods identified in the registration.

26.    On September 26, 2000, JLR's predecessor-in-interest and Rover Group Limited's successor-in-interest, Land Rover Group Limited, submitted a substitute specimen of use to the USPTO with a statement, verified with a declaration under 37 C.F.R. § 2.20 signed on September 22, 2000, claiming that the substitute specimen of use "has been in use since August 2, 1992 and is now in use in said commerce."  Submitted with the verified allegation of use was a specimen of use in the nature of a photograph of what was purported to be a Land Rover Defender vehicle and which purportedly showed current use of the registered mark in connection with station wagons.

27.    Shortly after September 26, 2000, the USPTO accepted the claims made in the November 5, 1999 and September 26, 2000 filings and the specimen of

use submitted on September 26, 2000 and, as a result, the USPTO allowed U.S. Trademark Registration No. 1,803,707 to continue to subsist on the Federal Register.

28.   On June 4, 2002, the USPTO issued to Rover Group Limited a notice of allowance for U.S. Trademark Application Serial No. 75/861,981.

29.   On November 29, 2002, JLR's predecessor-in-interest, Rover Group Limited, filed a first request for an extension of time to file a statement of use to maintain U.S. Trademark Application Serial No. 75/861,981.  The request included a statement wherein Rover Group Limited claimed to have "a bona fide intention to use or use through a related company the mark in commerce on or in connection with all the goods/services in the Notice of Allowance."

30.   On May 28, 2003, JLR's predecessor-in-interest, Rover Group Limited, filed a second request for an extension of time to file a statement of use to maintain U.S. Trademark Application Serial No. 75/861,981.  The request included the statement, verified with a declaration under 37 C.F.R. § 2.20, that "Applicant has not commenced use of the mark in commerce in connection with the goods identified in the Notice of Allowance because Applicant is still in the process of developing the product line."

31.   On October 24, 2003 less than five months after informing the USPTO that the DEFENDER mark was not in use in commerce, JLR's predecessor-in-interest, Land Rover, filed a renewal application with the USPTO in connection with

U.S. Trademark Registration No. 1,803,707 that included a verified allegation of use made pursuant to Section 8 of the Lanham Act where it was claimed that: "The owner is using or is using through a related company the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce."  Submitted with the verified allegation of use was a specimen of use which JLR claimed to be a "picture" of a Land Rover Defender vehicle and which purportedly showed current use of the registered mark in connection with station wagons.

32.     On December 5, 2003 less than two months after filing the October 24, 2003 renewal application, JLR's predecessor-in-interest, Land Rover, filed a third request for an extension of time to file a statement of use to maintain U.S. Trademark Application Serial No. 75/861,981.   The request included the statement that "Applicant has not commenced use of the mark in commerce in connection with the goods identified in the Notice of Allowance because Applicant is still in the process of developing the product line."

33.     On April 6, 2004, the USPTO accepted the October 24, 2003 renewal application based on the allegation of use therein and the specimen of use submitted therewith, and as a result, the USPTO renewed the registration for an additional ten years.

34.    On September 27, 2005, the USPTO issued a notice of abandonment for U.S. Trademark Application Serial No. 75/861,981 declaring the application to be abandoned.  Upon information and belief, the application as abandoned because the applicant was unable to demonstrate use of the DEFENDER mark in connection with any of the goods and services in the application including "four wheel drive all-terrain vehicles; sports utility vehicles, station wagons and structural parts therefor."

35.    On February 19, 2014, JLR filed a second renewal application with the USPTO in connection with U.S. Trademark Registration No. 1,803,707 that included a verified allegation of use made pursuant to Section 8 of the Lanham Act where it was claimed that: "The owner is using or is using through a related company the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce." Submitted with the allegation of use were specimens of use which JLR claimed were "photos" of a Land Rover Defender vehicle and which purportedly showed current use of the registered mark in connection with station wagons.

36.    On March 8, 2014, the USPTO accepted the October 24, 2003 renewal application based on the allegation of use therein and the specimens of use submitted therewith, and as a result, the USPTO renewed the registration for an additional ten years.

*BRP's U.S. Trademark Application and the Opposition Thereto*

37.    On February 13, 2015, BRP submitted U.S. Trademark Application Serial No. 86/534,043 to the USPTO seeking to register the mark DEFENDER for "recreational vehicles, namely, side-by-side vehicles and structural parts therefor" in International Class 12.

38.    On August 19, 2015, JLR filed a Notice of Opposition against U.S. Trademark Application Serial No. 86/534,043 claiming a likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d) and false association under Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).   The opposition proceeding is currently pending before the TTAB as opposition no. 91223380.

39.    JLR has demanded that BRP abandon U.S. Trademark Application Serial No. 86/534,043 based on the mark set forth in U.S. Trademark Registration No. 1,803,707.

40.    On August 24, 2016, BRP filed a Petition to Cancel with the TTAB seeking cancellation of U.S. Trademark Registration No. 1,803,707 based on abandonment.   The cancellation proceeding is currently pending before the TTAB as cancellation no. 92064297.

## COUNT I – CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 1,803,707 BASED ON ABANDONMENT

41.    BRP re-alleges the allegations set forth in Paragraphs 1 through 40 of the Counterclaim as though fully set forth herein.

42.     Upon information and belief, JLR, through intentional nonuse and intent not to resume use, has abandoned the mark set forth in U.S. Trademark Registration No. 1,803,707 in connection with "motor land vehicles; namely, station wagons."

43.     Any goodwill that may have been associated with the DEFENDER mark set forth in U.S. Trademark Registration No. 1,803,707 for "motor land vehicles; namely, station wagons" has been destroyed by JLR's intentional abandonment and nonuse of the mark in commerce in connection with such goods.

44.     BRP is or will be damaged by the continued existence of U.S. Trademark Registration No. 1,803,707.

## COUNT II – CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 1,803,707 BASED ON INVALID RENEWAL

45.     BRP re-alleges the allegations set forth in Paragraphs 1 through 44 of the Counterclaim as though fully set forth herein.

46.     Upon information and belief, JLR and its predecessors-in-interest were not using the DEFENDER mark in commerce on or in connection with "motor land vehicles; namely, station wagons" on November 9, 1999, or during the subsequent six month grace period, when the sixth year declaration of use under Section 8 of the Lanham Act, 15 U.S.C. § 1058, was required to be filed to maintain U.S. Trademark Registration No. 1,803,707.

47.     Upon information and belief, JLR and its predecessors-in-interest were not using the DEFENDER mark in commerce on or in connection with "motor land vehicles; namely, station wagons" on November 9, 2003, or during the subsequent six month grace period, when the tenth year renewal and declaration of use under Section 8 of the Lanham Act, 15 U.S.C. § 1058, was required to be filed to maintain U.S. Trademark Registration No. 1,803,707.

48.     Upon information and belief, JLR and its predecessors-in-interest were not using the DEFENDER mark in commerce on or in connection with "motor land vehicles; namely, station wagons" on November 9, 2013, or during the subsequent six month grace period, when the twentieth year renewal and declaration of use under Section 8 of the Lanham Act, 15 U.S.C. § 1058, was required to be filed to maintain U.S. Trademark Registration No. 1,803,707.

49.     The requirement that the registered mark be in use in commerce on or in connection with all of the goods set forth in U.S. Trademark Registration No. 1,803,707 is a fundamental statutory precondition to the maintenance and renewal of the registration.

50.     Upon information and belief, the registered mark was not in use in commerce on or in connection with "motor land vehicles; namely, station wagons" at the statutory deadlines for maintaining and renewing U.S. Trademark Registration

No. 1,803,707.   Therefore, U.S. Trademark Registration No. 1,803,707 was not eligible to be maintained or renewed.

51.   Upon information and belief, the allegations of use filed with the USPTO by JLR and its predecessors-in-interest failed to satisfy the statutory requirements of Section 8 of the Lanham Act, 15 U.S.C. § 1058, that the registered mark be in use in commerce.   As a result, the maintenance and renewal filings were void *ab initio* and U.S. Trademark Registration No. 1,803,707 was not eligible to be maintained or renewed.

52.   The requirement that the allegations of use in commerce be accompanied by a specimen of use showing current use of the mark is a fundamental statutory precondition to the maintenance and renewal of the registration.

53.   Upon information and belief, the specimens of use filed with the USPTO by JLR and its predecessors-in-interest for maintaining and renewing U.S. Trademark Registration No. 1,803,707 did not show current use of the registered mark in connection with the goods set forth in the registration.   Therefore, U.S. Trademark Registration No. 1,803,707 was not eligible to be maintained or renewed.

54.   Upon information and belief, the specimens of use filed with the USPTO by JLR and its predecessors-in-interest failed to satisfy the statutory requirements of Section 8 of the Lanham Act, 15 U.S.C. § 1058, that the declaration of use be accompanied by such number of specimens or facsimiles showing current

use of the mark in commerce.  As a result, the maintenance and renewal filings were void *ab initio* and U.S. Trademark Registration No. 1,803,707 was not eligible to be maintained or renewed.

## COUNT III – CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 1,803,707 BASED ON FRAUD ON THE USPTO

55.     BRP re-alleges the allegations set forth in Paragraphs 1 through 54 of the Counterclaim as though fully set forth herein.

56.     JLR and its predecessors-in-interest claimed in verified allegations of use filed with the USPTO on November 5, 1999, September 26, 2000, October 24, 2003 and/or February 19, 2014 that the DEFENDER mark was then in use in commerce on or in connection with the goods identified in U.S. Trademark Registration No. 1,803,707 – " motor land vehicles; namely, station wagons."

57.     JLR and its predecessors-in-interest submitted specimens of use to the USPTO on November 5, 1999, September 26, 2000, October 24, 2003 and/or February 19, 2014 as proof that the DEFENDER mark was in use in commerce on or in connection with the goods identified in U.S. Trademark Registration No. 1,803,707.

58.     JLR and its predecessors-in-interest completely ceased using the registered mark in commerce on or in connection with the goods identified in U.S. Trademark Registration No. 1,803,707 on or before September 1, 1998.

59.     After September 1, 1998, JLR and its predecessors-in-interest did not use the DEFENDER mark in commerce on or in connection with "motor land vehicles; namely, station wagons."

60.     The claim that the registered mark was in use in commerce on or in connection with "motor land vehicles, namely, station wagons" was false in the filings made with the USPTO by JLR and its predecessors-in-interest in connection with U.S. Trademark Registration No. 1,803,707.

61.     The specimens of use submitted as proof of use in commerce with the allegations of use filed by JLR and its predecessors-in-interest with the USPTO on November 5, 1999, September 26, 2000, October 24, 2003 and/or February 19, 2014 did not show current use in commerce of the registered mark on or in connection with "motor land vehicles; namely, station wagons."

62.     Contemporaneous with the allegations of use filed with the USPTO on November 5, 1999, September 26, 2000 and/or October 24, 2003, JLR's predecessors-in-interest stated to the USPTO on multiple occasions in connection with U.S. Trademark Application Serial No. 75/861,981 that the DEFENDER mark was not in use in connection with "station wagons," which are the same goods identified in U.S. Trademark Registration No. 1,803,707.

63.     Prior to the filing of the allegations of use in commerce with the USPTO on November 5, 1999, September 26, 2000, October 24, 2003 and/or February 19,

2014, JLR's predecessors-in-interest publicly stated that the DEFENDER mark was not in use in the United States on or in connection with "motor land vehicles; namely, station wagons."

64.    On September 27, 2005, U.S. Trademark Application Serial No. 75/861,981 was abandoned because JLR's predecessors-in-interest had failed to demonstrate use of the DEFENDER mark in commerce on or connection with, *inter alia*, "four wheel drive all-terrain vehicles; sports utility vehicles, station wagons and structural parts therefor."  This further indicates that JLR's predecessors-in-interest knew that the DEFENDER was not in use in commerce on or in connection with the goods identified in U.S. Trademark Registration No. 1,803,707 when it made claims to the contrary in order to maintain the registration.

65.    At the same time JLR and its predecessors-in-interest were claiming in signed declarations to the USPTO that they were not using DEFENDER in commerce for "four wheel drive all-terrain vehicles; sports utility vehicles, station wagons and structural parts therefor" in connection with U.S. Trademark Application Serial No. 75/861,981, JLR and its predecessors-in-interest were claiming in signed declarations to the USPTO that they were using DEFENDER in commerce for "motor land vehicles; namely, station wagons" in connection with U.S. Trademark Registration No. 1,803,707.

66.     The statements made by JLR and its predecessors-in-interest in the allegations of use submitted to the USPTO on November 5, 1999, September 26, 2000, October 24, 2003 and/or February 19, 2014 were material, including to the maintenance and renewal of U.S. Trademark Registration No. 1,803,707.

67.     The statements made by JLR and its predecessors-in-interest about the specimens of use submitted to the USPTO on November 5, 1999, September 26, 2000, October 24, 2003 and/or February 19, 2014 were material, including to the maintenance and renewal of U.S. Trademark Registration No. 1,803,707.

68.     JLR and its predecessors-in-interest made the knowingly false statements above to the USPTO with the intent to deceive the USPTO in maintaining and renewing U.S. Trademark Registration No. 1,803,707.

69.     JLR and its predecessors-in-interest knowingly filed specimens of use with the USPTO that they knew did not show current use of the registered mark in commerce on or in connection with "motor land vehicles; namely, station wagons" in order to maintain and renew U.S. Trademark Registration No. 1,803,707.

70.     The USPTO relied on the false statements made by JLR and its predecessors-in-interest when determining that statutory requirements of 15 U.S.C. § 1058 had been satisfied in order to maintain and renew U.S. Trademark Registration No. 1,803,707.

71.     The USPTO relied on the specimens of use and related statements filed by JLR and its predecessors-in-interest when determining that statutory requirements of 15 U.S.C. § 1058 had been satisfied in order to maintain U.S. Trademark Registration No. 1,803,707.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

72.     BRP re-alleges the allegations set forth in Paragraphs 1 through 71 of the Counterclaim as though fully set forth herein.

73.     JLR's nonuse and abandonment of its DEFENDER mark in relation to vehicles, while asserting that it has trademark rights in the mark as described above, constitutes wrongful conduct intended by JLR to interfere with BRP's business expectancies.

74.     JLR's assertion of trademark rights in the DEFENDER mark in relation to vehicles, based on misrepresentations made to the USPTO as described above, constitutes wrongful conduct now being used by JLR to interfere with BRP's business expectancies.

75.     By such actions JLR is wrongfully interfering with BRP's business expectancies and prospective economic relationships.

76.     As a proximate result, BRP has suffered damages in an amount to be determined by a jury.

77.   BRP requests that this Court enter an order permanently enjoining JLR's conduct and awarding BRP its actual damages, costs and attorneys' fees.

## JURY REQUEST FOR TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BRP hereby respectfully requests a trial by jury on all issues triable of right by jury.

**WHEREFORE**, BRP respectfully requests that this Court:

A.   Determine that JLR has abandoned the DEFENDER mark;

B.   Determine that JLR has abandoned the mark set forth in U.S. Trademark Registration No. 1,803,707 with respect to the goods set forth therein;

C.   Determine that JLR has failed to satisfy the statutory requirements for maintaining and renewing U.S. Trademark Registration No. 1,803,707;

D.   Determine that JLR has committed fraud on the USPTO in connection with the maintenance and renewal of U.S. Trademark Registration No. 1,803,707;

E.   Dismiss with prejudice all of the claims brought by JLR against BRP;

F.   Issue an Order, pursuant to 15 U.S.C. § 1119, directing the TTAB to cancel U.S. Trademark Registration No. 1,803,707;

G.   Find that the claims alleged by JLR render this an "exceptional case" for the purposes of awarding costs and fees under the Lanham Act, and

include a finding BRP is the "prevailing party" pursuant to 15 U.S.C.

§ 1117(a) for the purposes of awarding attorney fees to BRP; and

H.     Provide such other relief as the Court deems just and proper.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated:  November 23, 2016          By:  /s/ Dean W. Amburn_____
                                        Dean W. Amburn (P46427)
                                   450 West Fourth Street
                                   Royal Oak, Michigan 48067-2557
                                   Phone: (248) 645-1483 | Fax: (248) 723-1568
                                   Email: DAmburn@HowardandHoward.com

                                   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 23, 2016 he filed ***Defendant's Answer to Complaint for Trademark Infringement and Declaratory Judgment of No Abandonment, Affirmative Defenses, Counterclaim and Demand for Jury Trial*** along with this accompanying ***Certificate of Service*** using the CM/ECF Filing system, which generated a Notification of Electronic Filing to all persons currently registered with the Court in the above-referenced matter.

HOWARD & HOWARD ATTORNEYS PLLC

Dated:  November 23, 2016

By:  /s/ Dean W. Amburn
Dean W. Amburn (P46427)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 723-1568
Email: DAmburn@HowardandHoward.com

***Attorneys for Defendant***

4811-9745-1067, v. 2