UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAGUAR LAND ROVER LIMITED,

Plaintiff/Counter Defendant,

v.

BOMBARDIER RECREATIONAL
PRODUCTS, INC.,

Defendant/Counter Claimant.
_____/

Case No. 16-cv-13386

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COUNT IV [10] AND DENYING PLAINTIFF'S FIRST MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM COUNTS II AND IV [13] AS MOOT**

**I. INTRODUCTION**

On September 19, 2016, Jaguar Land Rover Limited ("Plaintiff" or "JLR") filed a seven-count Complaint alleging trademark claims under the Lanham Act and other state and common law allegations against Bombardier Recreational Products Inc. ("Defendant" or "BRP"). Dkt. No. 1. The dispute centers on the sale of vehicles that both bear the mark "Defender." *Id*.

The matter is presently before the Court on Defendant's Motion To Dismiss Plaintiff's Count IV (Violation Of The Michigan Consumer Protection Act (MCPA)) [10], pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was filed on November 23, 2016 and is fully briefed. *Id*. Upon review of the

-1-

pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the submitted briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court **GRANTS** Defendant's Motion to Dismiss [10] and **DISMISSES** Plaintiff's Count IV without prejudice.

Plaintiff filed a Motion to Dismiss Counts II and IV of Defendant's Counterclaims [13] on December 19, 2016. Defendant amended its Counterclaims on January 9, 2017, Dkt. No. 18, and Plaintiff filed a second Motion to Dismiss Defendant's Counterclaim Count IV, Dkt. No. 24, but failed to properly withdraw its now mooted first motion. Accordingly, the Court will **DENY** Plaintiff's first Motion to Dismiss [13] as moot, without prejudice as to Defendant's amended counterclaims. Plaintiff's second Motion to Dismiss [24] is scheduled for a hearing in April 2017 and will be considered at a later time.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (2009) (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

In Count IV, JLR alleges that BRP's sale of vehicles under the "Defender" mark has and is "causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA," causing irreparable harm to JLR. Dkt. No. 1, p. 12 (Pg. ID 12). BRP moves to dismiss Count IV by arguing that the transactions or conduct at issue in this case is exempt under the MCPA. Dkt. No. 10, p. 2 (Pg. ID 57).

### A. The Court Declines to Exercise Supplemental Jurisdiction on JLR's MCPA Claim

Under the MCPA, "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful," including "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." MICH. COMP. LAWS § 445.903(1)(a). The MCPA, however, exempts any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MICH. COMP. LAWS § 445.904(1)(a); *Liss v. Lewiston–Richards, Inc.*, 478 Mich. 203, 205–06, 732 N.W.2d 514 (2007). The Michigan Supreme Court has instructed that the relevant inquiry "is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Liss*, 478 Mich. at 210, 732 N.W.2d at 518. "The party claiming the exemption bears the burden of proving its applicability." *Id.* at 208, 732 N.W.2d at 517.

The general transaction alleged by JLR is the sale of BRP's products. Dkt. No. 1, p. 12 (Pg. ID No. 12). Thus, the question is whether this general transaction—the sale of off-road vehicles by BRP—is specifically authorized by law. BRP argues that Michigan's Natural Resources and Environmental Protection Act (NREPA) provides this specific authorization. Dkt. No. 10, p. 11 (Pg. ID 66). JLR counters that NREPA regulations do not specifically authorize the sale of off-

road vehicles; do not require licenses for manufacturers or dealers of off-road vehicles; and do not provide a mechanism through which grievances related to vehicle purchases may be addressed; and thus BRP's sale of vehicles does not qualify for exemption from the MCPA. *See* Dkt. No. 15, pp.12 (Pg. ID 244).

The Court has thoroughly reviewed recent state and federal cases determining whether transactions are exempt from the MCPA. A licensed dealer's sale of motor vehicles has been found to be exempt from the MCPA. *Jimenez v. Ford Motor Credit Co.*, No. 322909, 2015 WL 9318913, at *7 (Mich. Ct. App. Dec. 22, 2015) (sale of motor vehicle by a licensed dealer was specifically authorized and exempted from the MCPA, where Vehicle Code specifically required that a dealer obtain dealer license, Secretary of State was responsible for administration of Vehicle Code, and Vehicle Code provided penalties for proscribed conduct.). Registration of business and domain names, however, has been found to be a transaction that is not exempt from the MCPA. *Am. Auto. Ass'n, Inc. v. Advanced Am. Auto Warranty Servs., Inc.*, No. CIV. A. 09-CV-12351, 2009 WL 3837234, at *6 (E.D. Mich. Nov. 16, 2009) (finding that registration of business and domain names was not a transaction or conduct specifically authorized under laws administered by a regulatory board, and thus not exempt from MCPA). No cases have analyzed whether law specifically authorizes a manufacturer's sale of an off-road vehicle.

The Court finds, similar to the findings of Judge Mark A. Goldsmith in *Woodger v. Taylor Chevrolet, Inc.*, that "[t]aking [Defendant's] theory to its logical conclusion, any transaction that is in any way regulated by a governmental board or officer acting under statutory authority, even minimally, would be wholly exempt from the MCPA." No. 14-CV-11810, 2015 WL 5026176, at *7 (E.D. Mich. Aug. 25, 2015). Defendant has even submitted exhibits arguing that the MCPA "is virtually dead." Dkt. No. 10-3. This is a complex issue that requires interpretation of the scope of the MCPA, a state statute, and the Michigan Supreme Court's discussion of that statute. This Court believes that this interpretation would be best addressed by Michigan's courts. Therefore, the Court declines to exercise supplemental jurisdiction over this claim, and dismisses it without prejudice. *See* 28 U.S.C. § 1367(c)(1).

## IV. CONCLUSION

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** Defendant's Motion to Dismiss [10] and **DISMISSES** Plaintiff's Count IV without prejudice. The Court further **DENIES** Plaintiff's first Motion to Dismiss Defendant's Counterclaim Counts II and IV [13] as moot, without prejudice as to Defendant's amended counterclaims.

**IT IS SO ORDERED.**

Dated: February 16, 2017

/s/ Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge