UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAGUAR LAND ROVER LIMITED,

Plaintiff/Counter Defendant,

v.

BOMBARDIER RECREATIONAL
PRODUCTS, INC.,

Defendant/Counter Claimant.

_____/

Case No. 16-cv-13386

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**AMENDED OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIM IV OF DEFENDANT'S FIRST AMENDED COUNTERCLAIM [24]**

**I. INTRODUCTION**

On September 19, 2016, Jaguar Land Rover Limited ("Plaintiff" or "JLR")
filed a seven-count Complaint alleging trademark claims under the Lanham Act
and other state and common law allegations against Bombardier Recreational
Products Inc. ("Defendant" or "BRP"). Dkt. No. 1. The dispute centers on the sale
of vehicles that both bear the mark "DEFENDER." *Id*. On January 9, 2017, BRP
filed its First Amended Counterclaim, asserting four counts against JLR related to
its registration of the DEFENDER trademark. Dkt. No. 18.

The matter is presently before the Court on JLR's Motion to Dismiss
Counterclaim IV of BRP's First Amended Counterclaim [24], pursuant to Federal

Rule of Civil Procedure 12(b)(6). The motion was filed on January 30, 2017, and is now fully briefed. *See* Dkt. Nos. 24, 28, 31. A hearing was held on the motion on June 7, 2017. For the reasons discussed herein, the Court **GRANTS** JLR's Motion to Dismiss [24], and grants BRP 15 days to amend its fourth counterclaim.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (2009) (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his

or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Section 38 of the Lanham Act, codified at 15 U.S.C. § 1120, provides that, "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120.

Courts have found that the heightened pleading standard for fraud claims, FED. R. CIV. P. 9(b), applies to claims for fraudulent registration of trademarks under 15 U.S.C. § 1120. *New World Solutions, Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287 n.30 (S.D.N.Y. 2015); *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 375 F. Supp. 2d 950, 954 (N.D. Cal. 2005); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 243 (S.D.N.Y. 2000) ("a claim for fraudulent registration under § 38, like any fraud claim, must comply with the heightened pleading standards of FED. R. CIV. P. 9(b)."). "The heightened pleading requirements apply to each element of the fraud claim." *GMA Accessories*, 157 F. Supp. 2d at 243.

To sustain a claim for damages under § 1120, BRP must first establish that JLR procured registration in the Patent and Trademark Office (PTO) of a mark by

a false or fraudulent declaration or representation or by any false means, and that BRP sustained damages as a consequence of this fraudulent or false representation. 15 U.S.C. § 1120. Thus, BRP must show that JLR (1) made a false or fraudulent representation of a material fact in securing the mark; (2) that JLR knew or believed that this representation was false; (3) that JLR intended to induce PTO to rely on this misrepresentation; (4) that there was reasonable reliance on the misrepresentation; and (5) that BRP's damages were proximately caused by JLR's misrepresentation. *See FD9 Grp., Inc. v. Bangle Jangle, LLC*, No. CV1500512-BRO-ASX, 2015 WL 12776584, at *5 (C.D. Cal. May 13, 2015) (detailing the elements that courts require parties asserting a § 1120 claim to plead). *See also VMR Prod., LLC v. V2H ApS*, No. 2:13-CV-7719-CBM-JEM, 2016 WL 7669497, at *17 (C.D. Cal. Dec. 29, 2016) (finding that a counterclaim for damages under § 1120 must meet all five elements for fraud under a claim for fraudulent trademark registration).

To bring a claim under § 1120, "it is not enough . . . merely to establish fraud in the registration of the trademark"; the claimant "must also show that it sustained some damage in consequence of the fraud." *Virginia Polytechnic Inst. & State Univ. v. Hokie Real Estate, Inc.*, 813 F. Supp. 2d 745, 755 (W.D. Va. 2011) (citing *Gilbert/Robinson, Inc. v. Carrie Beverage–Missouri, Inc.*, 989 F.2d 985, 991 (8th Cir. 1993), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static*

*Control Components, Inc.*, 134 S.Ct. 1377 (2014)).[1] The injury asserted must be a proximate result of the false or fraudulent registration. *San Juan Prod., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988). The injury and damages arising from the fraud must be "clearly articulated." 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31:85 (4th ed.) (citing *Jackson v. Lynley Designs, Inc.*, 729 F. Supp. 498, (E.D. La. 1990)).

JLR contends that BRP's allegation that it "has been injured," and that those "injuries include, but are not limited to, injury to its CAN-AM DEFENDER brand for side-by-side recreational vehicles including injury to its goodwill," are not sufficient to state an injury. Dkt. No. 24, p. 14 (Pg. ID 337). BRP's counterclaim does not provide further detail regarding how JLR's registration of the mark harmed its brand or goodwill, such allegations of lost sales or specific damage to its business reputation.

In its response, BRP argues that JLR injured it by formally opposing BRP's application to use the DEFENDER mark and because JLR demanded that BRP abandon its trademark application, based on JLR's allegedly fraudulent registration. Dkt. No. 28, p. 23 (Pg. ID 460). Indeed, these allegations were present

---

[1] As other courts have noted, the discussion of § 1120 in *Gilbert/Robinson* remains good law after *Lexmark* because *Gilbert/Robinson* was abrogated on different grounds. *See E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 905 (8th Cir. 2016), *reh'g denied* (Sept. 15, 2016); *Fenwick v. Dukhman*, No. CIV.A. 13-4359 CCC, 2015 WL 1307382, at *4 n.7–8 (D.N.J. Mar. 20, 2015); *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 905 (S.D. Ind. 2014).

in BRP's amended counterclaim, although not clearly articulated as alleged injuries. *See* Dkt. No. 18, p. 11 (Pg. ID 270). BRP did not provide the Court with cases where a formal challenge to a successive trademark application, or a demand to cease using a mark, alone—without further injury—was sufficient to qualify as an injury under § 1120.[2] *See Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, No. 3:03-CV-93-H, 2007 WL 4292392, at *2 (W.D. Ky. Dec. 6, 2007) (stating an injury for the alteration of a product after a party's attempt to enforce a wrongfully obtained trademark registration).

As BRP has chosen to pursue fraud claims, while JLR has not, BRP must comply with the heightened pleading standard that fraud claims require. BRP's fourth counterclaim does not clearly articulate an injury proximately caused by JLR's registration of the DEFENDER mark. Accordingly, the Court will dismiss BRP's fourth counterclaim with leave to amend, so that BRP can better articulate how it has been injured and how those injuries were proximately caused by JLR's allegedly fraudulent registration, should BRP wish to further pursue this claim.

---

[2] The Court also rejects the potential argument that the attorney fees resulting from this litigation qualify as an injury proximately caused by the allegedly fraudulent registration, although fees may be awarded where registration was obtained solely to initiate vexatious litigation. *See Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 497 F.2d 433, 439 (2d Cir. 1974); *New World Sols.*, 150 F. Supp. 3d at 333 ("It is insufficient for a defendant to claim that it has 'been damaged in the amount of their legal fees and costs.' ").

Because the Court is allowing BRP to amend its fourth counterclaim, the Court will not consider the proximate cause of injuries that have yet to be clearly articulated.

## IV. CONCLUSION

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** Plaintiff's Motion to Dismiss Counterclaim IV of Defendant's First Amended Counterclaim [24], with leave to amend. BRP may amend its fourth counterclaim, if it so chooses, no later than 15 days from the date of this order.

**IT IS SO ORDERED.**

Dated:       June 8, 2017                    s/Gershwin A. Drain
                                             HON. GERSHWIN A. DRAIN
                                             United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 8, 2017, by electronic and/or ordinary mail.
/s/ Shawna C. Burns
Case Manager Generalist