UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAGUAR LAND ROVER LIMITED,

    Plaintiff,

    v.

BOMBARDIER RECREATIONAL
PRODUCTS, INC.,

    Defendant.

_____/

Case No. 16-cv-13386

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [#50]**

## I. INTRODUCTION

Presently before the Court is Plaintiff's Motion for Protective Order. Dkt. No. 50. Plaintiff requests a protective order to prevent Defendant from taking the deposition of Plaintiff's General Counsel. For the reasons stated below, this Court will grant Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff, Jaguar Land Rover Limited, filed the present complaint on September 6, 2016 against Defendant Bombardier Recreational Products. Dkt. No. 1. In its complaint, Plaintiff alleged trademark infringement, unfair competition, and a violation of the Michigan Consumer Protection Act. *Id.* at pg. 2 (Pg. ID 2).

1

On March 3, 2018, Plaintiff filed its Motion for Protective Order. Dkt. No. 50. Plaintiff requests that this Court prohibit Defendant from taking the deposition of its General Counsel, Anna-Lisa Corrales. Defendant filed a response on March 19, 2018 opposing the Motion. Dkt. No. 54. On April 30, 2018, Plaintiff filed its reply under seal. Dkt. No. 69.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) allows a party to move for a protective order to prevent a deposition. A court may grant a protective order for good cause. *See id.* In addition, the Sixth Circuit has adopted more stringent requirements under the *Shelton*[1] test for requests to depose opposing counsel. Discovery from opposing counsel is only allowed when: (1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002).

## IV. DISCUSSION

**1. Applicability of *Shelton***

Defendant contends that *Shelton* is not applicable to this case because Ms. Corrales is not litigating this case and Plaintiff's litigation strategy will not be

---

[1] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

exposed. Dkt. No. 54, pg. 15 (Pg. ID 1106). Plaintiff asserts that the *Shelton* rule is applicable because Ms. Corrales is litigation counsel, as she oversees all litigation for Plaintiff. Dkt. No. 62, pg. 7 (pg. ID 1265). Additionally, Ms. Corrales has been involved in strategic decisions regarding the enforcement of the trademark in issue for many years. *Id.*

In *Shelton*, the Eighth Circuit considered the applicability of the *Shelton* rule to deposing the supervising in-house counsel of American Motors Company. *Shelton*, 805 F.2d at 1326–27. The court held that deposing opposing counsel must meet the *Shelton* standards. *Id.*

The *Shelton* opinion itself suggests that the applicability of the rule extends beyond trial counsel. The *Shelton* court considered the application of the *Shelton* rule to a company's supervising in-house counsel, and not trial counsel. Further, in this case, Ms. Corrales is properly categorized as litigation counsel because she oversees all litigation for Plaintiff. The cases cited by Defendant to argue that *Shelton* is not applicable are factually distinct from this case, as analyzed in Plaintiff's reply brief. *See* Dkt. No. 62, pgs. 6, 7 (Pg. ID 1265, 1266). Therefore, this Court holds that the *Shelton* test is applicable to this case, and will proceed to analyze under *Shelton*.

### 2. *Shelton* Applied

Prong one of the *Shelton* test requires that there are no other means to obtain the information sought by the counsel the party wishes to depose. *Nationwide Mut. Ins. Co.*, 278 F.3d at 628. Prong two of the *Shelton* test requires that the information sought is relevant and not privileged. *Id.* Defendant states that it seeks information from Corrales about her process of preparing the trademark registration renewal, also known as the trademark prosecution process. Dkt. No. 54, pg. 14 (Pg. ID 1105). Defendant asserts that Corrales is the only witness who can testify about the preparation of the trademark registration renewal. *Id.* Plaintiff contends that the information about the process is privileged, and therefore violates prong two of the *Shelton* test. Dkt. No. 62, pg. 5 (Pg. ID 1263).

In general, the "prosecution of [an] application for registration of a trademark [is] within the scope of privilege." L.M. Brownlee, IP Due Diligence in Corp. Transactions § 1:5 n.4 (April 2018 Update). Communication regarding patents that is of a legal nature is privileged, no matter if the attorney is outside counsel, in-house counsel, or a member of the Patent Department. *Id.* at § 1:5. Here, Defendant seeks information about Plaintiff's trademark prosecution strategy, which is privileged information. Additionally, Plaintiff's trademark prosecution strategy was supervised by attorneys. Dkt. No. 62, pg. 5 (Pg. Id 1263). Correspondence regarding the trademark prosecution is listed on Plaintiff's privilege log. Dkt. No.

62-5, pg. 4 (Pg. ID 4). This lends support to the argument that Plaintiff's trademark prosecution process is privileged—attorneys were substantially involved in the process of securing the patent, which is a legal process. Even if the information Defendant seeks is not privileged, Defendants likely could not pass the *Shelton* test. Plaintiff asserts that multiple attorneys supervised the patent prosecution process. Dkt. No. 62, pg. 5 (Pg. ID 1263). Therefore, information about the patent prosecution process could likely be obtained by some other means and prong one of the test is not satisfied. In conclusion, this Court holds that the information sought by Defendants is privileged and cannot pass the *Shelton* test.

## V. Conclusion

For the reasons discussed herein, the Court will grant Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: May 18, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge
