# Exhibit 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JAGUAR LAND ROVER LIMITED**,
a United Kingdom company

      *Plaintiff,*

**v.**

**BOMBARDIER RECREATIONAL
PRODUCTS**, a Canadian company**,**

      *Defendants.*

Case No. 2:16-cv-13386-GAD-SDD
Hon. Gershwin A. Drain

## PLAINTIFF'S OBJECTIONS DEFENDANT'S NOTICE OF DEPOSITION TO PLAINTIFF PURSUANT TO RULE 30(B)(6)

Plaintiff Jaguar Land Rover Limited ("JLR") states the following objections to Defendant Bombardier Recreational Products' ("BRP") Rule 30(b)(6) Notice of Deposition of JLR:

1.    Each type of good and/or service for which Plaintiff is using, has used or intends to use Plaintiff's Mark, or any variation thereof.

## **OBJECTION:**

JLR objects to the proposed topic to the extent it seeks information not relevant to any claim or defense in this case.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.



2.    Plaintiff's first and last use of Plaintiff's Mark, or any variation thereof, for each type of good and/or service for which Plaintiff has used Plaintiff's Mark, or any variation thereof, including the date(s) of such use(s) and the circumstances surrounding such use(s).

**OBJECTION:**

JLR objects to the proposed topic to the extent it seeks information not relevant to any claim or defense in this case.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

3.    The date Plaintiff first and last marketed and/or sold each type of good and/or service for which Plaintiff has used Plaintiff's Mark or any variation thereof, including the date(s) and circumstances surrounding such activities.

**OBJECTION:**

JLR objects to the proposed topic to the extent it seeks information not relevant to any claim or defense in this case.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

4.    The individuals, retail stores, or other purchasers to whom Plaintiff advertised, marketed, offered for sale, sold, licensed or otherwise provided any good or service under or in connection with Plaintiff's Mark, or any variation thereof.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding *every* individual, retail store, licensee or other purchaser to whom DEFENDER-branded goods and services have been marketed, licensed or sold for over 20 years.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.



5.      Plaintiff use of Plaintiff's Mark, or any variation thereof, for Recreational Vehicles, structural parts for Recreational Vehicles, or for goods or services used with or intended for use with Recreational Vehicles.

**<u>OBJECTION</u>:**

JLR objects to the proposed topic because it is vague and ambiguous as to the meaning of "structural parts."

JLR further objects to this topic as vague given that JLR does not "use" vehicles as that term is understood. Rather, JLR manufactures vehicles that are sold to end consumers through authorized Land Rover dealerships and/or licensees.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

6.      The classes of purchasers and consumers, or intended classes of purchasers and consumers, including their demographics, for each type of Plaintiff's Goods and Services offered under Plaintiff's Mark, or any variation thereof.

**<u>OBJECTION</u>:**

JLR objects to the proposed topic because it is vague and ambiguous as to the meaning of "demographics."

JLR further objects to the proposed topic to the extent it seeks information not relevant to any claim or defense in this case.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

7.      The trade channels through which Plaintiff is offering and/or selling, has offered and/or sold, and/or intends to offer and/or sell, each type of Plaintiff's Goods and Services under Plaintiff's Mark, or any variation thereof.

**<u>OBJECTION</u>:**



3

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding *every* trade channel through which JLR "has offered and/or sold" each type of DEFENDER-branded goods and services for over 20 years.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

8.      The manner and method in which Plaintiff has marketed, advertised and/or promoted  Plaintiff's Goods and Services under or in connection with Plaintiff's Mark, from the date of first use to the present and for each type of Plaintiff's Goods and Services under Plaintiff's  Mark, or any variation thereof.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding *every* means by which JLR "has marketed, advertised and/or promoted" each type of DEFENDER-branded goods and services for over 20 years.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

9.      Plaintiff's annual expenditures for marketing, advertising and/or promoting Plaintiff's  Goods and Services under or in connection with Plaintiff's Mark, from the date of first use to the present and for each type of Plaintiff's Goods and Services under Plaintiff's Mark, or  any variation thereof.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding JLR's annual marketing, advertising expenditures for all DEFENDER-branded goods and services for over 20 years.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.



10.     Plaintiff's marketing materials for Plaintiff's Mark, including each brochure, catalogue, circular, leaflet, letter, direct mail piece, signage, solicitation, newspaper and/or magazine  advertisements, online advertisement, commercial, annual report, and/or any material such  as a label, tag, package, container, decal and/or stamp on, or in connection with, which Plaintiff and/or its franchisees or licensees have used Plaintiff's Mark, or any variation  thereof, within the past 20 years.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding *each* marketing item JLR and/or its franchisees and licensees have utilized to advertise all DEFENDER-branded goods and services for the past 20 years.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

11.     Plaintiff's annual sales of each type of Plaintiff's Goods and Service bearing or sold under  Plaintiff's Mark, or any variation thereof.

**OBJECTION:**

JLR designates Kim McCullough as its corporate representative on this topic.

12.     All instances  or  occurrences  in  which  any  person  was  confused between Plaintiff and  Defendant, Plaintiff's Mark and Defendant's Mark, and/or Plaintiff's Goods and  Services   and Defendant's Goods, including all facts related thereto.

**OBJECTION:**

JLR designates Kim McCullough as its corporate representative on this topic.

13.     The retail price and intended retail price of each type of Plaintiff's Goods and Services  bearing Plaintiff's Mark or any variation thereof, sold or offered under, or intended to be  sold or offered to consumers.



**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding the actual or intended retail price of *every* type of DEFENDER-branded good and service "sold or offered under, or intended to be sold or offered" for over 20 years.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

14. Agreements between Plaintiff and any third party relating to the acquisition, assignment and/or licensing of Plaintiff's Mark, including all intellectual property assignment agreements and all trademark license agreements.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding *every* assignment or licensing agreement relating to JLR's DEFENDER mark for over 20 years and with no limitation as to scope.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

15. Plaintiff's relationship to any third party authorized to sell, resell, service and/or provide parts for any vehicle offered for sale or sold by Plaintiff (such as Plaintiff's authorized retailers), including the nature of any transaction between them.

**OBJECTION:**

JLR designates Kim McCullough as its corporate representative on this topic.

16. The model and model year of all vehicles that have been sold by Plaintiff bearing Plaintiff's Mark since such vehicles were first sold in the United States and, for any such vehicle sold by any third party, the nature of the relationship between Plaintiff and such third party.



**OBJECTION:**

JLR designates Kim McCullough as its corporate representative on this topic.

17.     All facts, witnesses and documents supporting or negating Plaintiff's contention that  Defendant's use of Defendant's Mark "in connection with the sale, offering for sale,  distribution, and/or advertising of goods or services [is] likely to cause confusion, or to  cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a)."

**OBJECTION:**

JLR objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" that support or negate the referenced allegation violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document "supporting or negating" the referenced allegation.

JLR further objects to the proposed topic to the extent it calls for legal opinion.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative regarding the factual bases of its asserted claims as indicated above. JLR will not produce a witness regarding whether JLR's use of the DEFENDER mark violates the Lanham Act, i.e., likelihood of confusion, as that requires legal opinion, not fact testimony.

18.     All facts, witnesses and documents supporting or negating Plaintiff's contention that  "because BRP's DEFENDER mark is confusingly similar to JLR's DEFENDER mark and  is used in conjunction with the same or related goods and services, consumers are likely to  believe that BRP and its goods and services are affiliated with or sponsored, authorized or  endorsed by JLR."

**OBJECTION:**

JLR objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" that support or



negate the referenced allegation violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document "supporting or negating" the referenced allegation.

JLR further objects to the proposed topic to the extent it calls for legal opinion.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative regarding the factual bases of its asserted claims as indicated above. JLR will not produce a witness regarding whether, as a matter of law, "BRP's DEFENDER mark is confusingly similar to JLR's DEFENDER mark and is used in conjunction with the same or related goods and services, [and therefore] consumers are likely to believe that BRP and its goods and services are affiliated with or sponsored, authorized or endorsed by JLR," as that requires legal and/or expert opinion, not fact testimony.

19.    All facts, witnesses and documents supporting or negating Plaintiff's contention that "JLR has also repeatedly and publicly stated its intention to resume manufacturing DEFENDER vehicles for sale in the United States, and JLR has considerable existing and/or residual goodwill in the DEFENDER mark as evidenced by the sustained media, industry and consumer interest in the JLR Goods and Services."

**OBJECTION:**

JLR objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" that support or negate the referenced assertion violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document "supporting or negating" the referenced assertion.

JLR further objects to the proposed topic to the extent it calls for legal opinion.



Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on the facts underlying this topic.

20.    All facts, witnesses and documents supporting or negating Plaintiff's contention that "BRP's adoption and use of DEFENDER is an intentional and obvious attempt to trade on the goodwill established in JLR's DEFENDER mark."

**OBJECTION:**

JLR objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" that support or negate the referenced allegation violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document "supporting or negating" the referenced allegation.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

21.    Any past or present third party uses, registrations or applications to register the term DEFENDER, or any variation thereof, with respect to any goods and/or services.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness regarding "[a]ny" *third-party* past or present uses, registrations or applications to register DEFENDER "or any variation thereof" in connection with "*any* goods and/or services."

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic with respect to third-party uses of DEFENDER in connection with vehicles or related goods that are known to JLR.



22.     Defendant's allegation that "it is well understood by those in the automobile industry and  those in the recreational vehicle industry that the same marks can be used in connection with  passenger highway vehicles including SUVs, on the one hand, and ROVs, on the other hand,  without creating consumer confusion."

**OBJECTION:**

JLR objects to the proposed topic because JLR has not represented, and does not believe, Defendant's unsubstantiated allegation that "it is well understood by those in the automobile industry and  those in the recreational vehicle industry that the same marks can be used in connection with  passenger highway vehicles including SUVs, on the one hand, and ROVs, on the other hand,  without creating consumer confusion."

JLR further objects to the extent the proposed topic requires JLR to opine on the "understanding" of unrelated third parties.

JLR further objects to this topic to the extent it seeks a legal opinion, rather than factual testimony.

For these reasons, JLR will not produce a witness on this topic.

23.     Plaintiff's continued use of Plaintiff's Mark on or in connection with the goods set forth in U.S. Registration No. 1,803,707 in the United States for any period of time.

**OBJECTION:**

JLR objects to the proposed topic as overbroad, unduly burdensome, seeking information not relevant to any claim or defense, and not proportional to the needs of the case, given that there is no limitation as to time.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic with respect to the "period of time" at issue in this lawsuit.



24.     Any decision, plan or statement by Plaintiff concerning Plaintiff's intent to expand or decrease the type of goods or services offered under the DEFENDER mark in the United States.

**OBJECTION:**

JLR designates Kim McCullough as its corporate representative on this topic.

25.     All facts, witnesses and documents related to Plaintiff's intent to resume manufacturing, marketing, advertising, promoting and/or offering for sale vehicles bearing Plaintiff's Mark for or in the United States, including the status of such efforts.

**OBJECTION:**

JLR objects to the premise of the proposed topic as it falsely suggests that JLR ceased "manufacturing, marketing, advertising, promoting and/or offering for sale" DEFENDER-branded vehicles during the relevant times at issue in this lawsuit.

JLR further objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" relating to JLR's "manufacturing, marketing, advertising, promoting and/or offering for sale" of DEFENDER-branded vehicles violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document relating to JLR's "manufacturing, marketing, advertising, promoting and/or offering for sale" of DEFENDER-branded vehicles.

JLR further objects to the proposed topic to the extent it calls for legal opinion.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on the facts underlying this topic.

26.     Any decision by Plaintiff to maintain or renew U.S. Registration No. 1,803,707, including the people involved in that decision, the dates of their involvement, and the surrounding circumstances.



11

**OBJECTION:**

JLR objects to the proposed topic to the extent it seeks information protected by the attorney-client and/or work-product privileges.

JLR further objects to the proposed topic as it is vague and ambiguous as to the meaning of "involved."

JLR further objects because the topic is overbroad, unduly burdensome, and not proportional to the needs of the case, given that there is no limitation as to time.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

27.    Each specimen for each declaration of use filed with the United States Patent and  Trademark Office in connection with the maintenance or renewal of Registration No.  1,803,707 including the  name of the person that procured the specimen; the model year and  identifying information (such as VIN number) for the vehicle depicted as the specimen; the  date and location of the last sale of the vehicle (at the time of submitting the specimen); and identification of the organization and person(s) involved in the last sales transaction of the vehicle.

**OBJECTION:**

JLR objects to the proposed topic to the extent it seeks information protected by the attorney-client and/or work-product privileges.

JLR further objects because the topic is overbroad, unduly burdensome, and not proportional to the needs of the case, given that there is no limitation as to time.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative on this topic.

28.    Any decision by JLR to file U.S. Trademark Application Serial No. 75/861,981 and the  people involved in that decision and/or the prosecution of the application, including the  dates of their involvement and the circumstances.

**OBJECTION:**



JLR objects to this request because it seeks information not relevant to any claim or defense asserted in this action, given that JLR abandoned the referenced application and does not assert it in this action, an issue that is currently pending before the Court.

JLR further objects to the proposed topic to the extent it seeks information protected by the attorney-client and/or work-product privileges.

JLR further objects to the proposed topic as it is vague and ambiguous as to the meaning of "involved."

JLR further objects to this request as overly broad, unduly burdensome, seeking information that is neither relevant to any claim or defense, and not proportional to the needs of this case to the extent it requires JLR to prepare and produce a witness regarding *all* individuals who participated in "any decision whether to file U.S. Trademark Application Serial No. 75/861,981 or involved in the filing or prosecution of the application" dating back to 1999.

For these reasons, JLR will not produce a witness on this topic.

29.    All individuals and documents that support Plaintiff's declaration under 37 C.F.R. § 2.20 in U.S. Trademark Application Serial No. 75/861,981, that "Applicant has not commenced use of the mark in commerce in connection with the goods identified in the Notice of Allowance because Applicant is still in the process of developing the product line."

**OBJECTION:**

JLR objects to the proposed topic because it seeks information not relevant to any claim or defense asserted in this action, given that JLR abandoned the referenced application and does not assert it in this action, an issue that is currently pending before the Court.

JLR further objects to the proposed topic to the extent it seeks information protected by the attorney-client and/or work-product privileges.

JLR further objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" that support



the referenced statement violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document supporting the referenced declaration.

For these reasons, JLR will not produce a witness on this topic.

30.    All facts, witnesses and documents supporting or negating Plaintiff's contention that "JLR is  entitled to a permanent injunction against BRP, as well as all other remedies available under  the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees."

**OBJECTION:**

JLR objects to this proposed topic to the extent it seeks expert testimony and, therefore, is not a proper topic for Rule 30(b)(6) examination.

JLR further objects to the proposed topic because the request that JLR prepare and produce a witness regarding *all* "facts, witnesses, and documents" that support or negate the referenced allegation violates the Rule 30(b)(6) requirement that matters for examination be "describe[d] "with reasonable particularity."

JLR further objects to the proposed topic because it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it requires JLR to prepare and produce a witness on *every* document "supporting or negating" the referenced allegation.

JLR further objects to the proposed topic to the extent it seeks information protected by the attorney-client and/or work-product privileges.

JLR further objects to the proposed topic to the extent it calls for legal opinion.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative regarding the factual bases of its asserted claims as indicated above. JLR will not produce a witness regarding whether JLR is "entitled" to



monetary or injunctive relief, fees and cost, as that requires legal and/or expert opinion, not fact testimony.

31.    The amount of damages to which Plaintiff claims or believes it is entitled in this lawsuit, including all factual bases and calculations related thereto.

**OBJECTION:**

JLR objects to this proposed topic to the extent that it seeks expert testimony and, therefore, not a proper topic for Rule 30(b)(6) examination.

JLR further objects to the proposed topic to the extent it seeks information protected by the attorney-client and/or work-product privileges.

JLR further objects to the proposed topic to the extent it calls for legal opinion.

Subject to the foregoing objections, JLR designates Kim McCullough as its corporate representative regarding the factual bases of its asserted claims as indicated above. JLR will not produce a witness regarding the amount of damages JLR claims or the calculations of those damage, as that requires legal and/or expert opinion, not fact testimony.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

  /s/ Chanille Carswell
Frank A. Angileri (P45611)
Chanille Carswell (P53754)
Rebecca J. Cantor (P76826)
Alan J. Gocha (P80972)
1000 Town Center
Twenty-Second Floor
Southfield, MI 48075
(248) 358-4400
(248) 358-3351
fangileri@brookskushman.com
ccarswell@brookskushman.com



15

rcantor@brookskushman.com
agocha@brookskushman.com
*Attorneys for Jaguar Land Rover Limited*



## <u>CERTIFICATE OF SERVICE</u>

I certify that I served:

## **PLAINTIFF'S OBJECTIONS DEFENDANT'S NOTICE OF DEPOSITION TO PLAINTIFF PURSUANT TO RULE 30(B)(6)**

on <u>March 5, 2018</u> by:

     X  delivering (via email: DWA@AmburnLaw.com;
         eastdocket@holleymenker.com)

a copy to:

**Dean W. Amburn**
Amburn Law, PLLC
28588 Northwestern Highway
Suite 100
Southfield, MI 48034-1840
(248) 212-2777
Fax: (248) 308-5540
Email: DWA@AmburnLaw.com

**James R. Menker**
**Ryan Hilbert**
Holley & Menker PA
60 Ocean Boulevard
Suite 3
P.O. Box 331937
Atlantic Beach, FL 32233-1715
904-247-2620
Fax: 904-247-3735
Email: eastdocket@holleymenker.com

    *Attorneys for Defendant*

        /s/ Chanille Carswell
        Chanille Carswell



17